IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARCELLO LACRAIG GIBBS,** § <br> #033465, § <br> Plaintiff, § <br>  § <br>  § Civil Action No. 3:17-CV-2351-L-BH <br> v. § <br>  § <br> **ELMER TANNER, DR. GRADY-SHAW,** § <br> **and LINDA HULLETT,** § <br> Defendants. § Referred to U.S. Magistrate Judge[1] | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

### I.  BACKGROUND

Marcello Lacraig Gibbs, #033465 (Plaintiff), an inmate confined in the Navarro County Jail, sues Elmer Tanner (Sheriff), Dr. Grady-Shaw (Doctor), and Linda Hullett (Nurse) (collectively Defendants) under 42 U.S.C. § 1983 for violation of his Fourth and Eighth Amendment rights. (docs. 3, 7.)  He claims that on March 23, 2016, he injured his back and left shoulder when he slipped on water that had leaked from the jail's roof.  (doc. 3 at 14, 16.)  There were no "wet floor" or caution signs in the area of the jail where he slipped, and he was never warned about the slippery floor. (*Id.* at 16.)

Plaintiff claims he told Nurse about his accident that day and was instructed to submit a medical request, which he did, but he did not receive any medical attention until he was seen by Doctor on March 30, 2016.  (docs. 3 at 16; 7 at 5, 7.)  Doctor "only rubbed" his back, found nothing wrong with him, and prescribed him 10 Tylenol pills for his pain.  (doc. 7 at 5.)  He submitted at

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case was automatically referred for judicial screening.

least 10 more medical requests complaining about his injuries, but they were denied. (*Id.* at 11.)

Plaintiff also sent "numerous" request forms, grievance forms, and letters requesting to speak with Sheriff about his accident, but his requests were denied. (doc. 7 at 3.) He claims that the jail's roof had been leaking for almost a year before his accident, and that the defendants decided to fix the roof a year after he "wrote to Texas Jail Standards about the condition it was in." (*Id.* at 8.) Plaintiff seeks to have Defendants held responsible. (docs. 3 at 14; 7 at 14.) No process has been issued.

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.**     **Official Capacity Claims**[2]

To the extent that Plaintiff is suing Defendants in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Any claims against Defendants in their official capacities are essentially claims against their government employer, Navarro County, Texas (County).  *See id.*  Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  It is

---

[2] Plaintiff declined to specify if he was suing the defendants in their individual or official capacities. (*See* doc. 7 at 2, 5, 7.)

3

well-settled that a municipality cannot be liable under a theory of *respondeat superior*,[3] however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

> "Official policy" is defined as:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even

---

[3]*Respondeat superior* [Law Latin "let the superior make answer"] is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Respondeat Superior, Black's Law Dictionary (10th ed. 2014).

4

heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79.  "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).  In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. *Spiller*, 130 F.3d at 167.  In addition, a single incident is insufficient to infer an official policy or custom. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dallas Cty. Jail*, No. 3:11-CV-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *adopted by* 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail.").

Here, Plaintiff alleges that his civil rights were violated because there were no safety hazard regulations concerning inmates at the jail, proper safety regulations for jail facilities were not being

5

followed, and medical staff denied him medical care. (*See* doc. 7 at 14.)[4] He does not identify a policy statement, ordinance, regulation, or decision regarding prison safety or medical care that was officially adopted and promulgated by County's lawmaking officers, or by an official to whom the lawmakers have delegated policy-making authority. Nor does he allege any persistent or widespread practice that caused his alleged injuries. He has therefore failed to state a viable claim against the County, and his official capacity claims against Defendants should be dismissed.

B.  **Individual Capacity Claims**

    *1.    Sheriff*

Plaintiff sues Sheriff because of the injury he sustained when he slipped on the floor. He claims that in his role, Sheriff was responsible for providing proper safety regulations and ensuring that inmates were protected from safety hazards. (doc. 7 at 2-3.)

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir. 1984).

Here, Plaintiff generally alleges that Sheriff knew that the roof had a leak, but he did not

---

[4]Plaintiff's answers to the Magistrate Judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

address the leak until a year after the accident, and that he submitted "numerous" grievances and letters about his accident, but Sheriff has not "spoken with him in person." (*See* doc. 7 at 3, 8.) Plaintiff does not identify any personal involvement by Sheriff with his alleged injuries, however. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (no individual liability under § 1983 where complaint alleges no personal involvement by defendant in violating plaintiff's rights by working him beyond his capabilities in prison). To the extent that Plaintiff's allegations that Sheriff's failure to respond to his requests, grievances, and letters are intended to show personal involvement, a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability. *Lewis v. City of Waxahachie*, No. 3:10-CV-2578-N, 2011 WL 7070991, at *6 (N.D. Tex. Dec. 21, 2011), *adopted by* 2012 WL 176681 (N.D. Tex. Jan. 20, 2012) (citing *Amir–Sharif v. Valdez*, No. 3:06-CV-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007)) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, No. 7:03-CV-247-BD, 2005 WL 1528690, at *2 (N.D. Tex. June 28, 2005) (same).[5]

Plaintiff also fails to allege any facts to support a claim that Sheriff was deliberately indifferent to his alleged injuries. Although Plaintiff had sent grievances to Sheriff *after* his accident, there are no allegations that he personally complained to Sheriff about the leaky roof or slippery floor *before* his accident. Plaintiff makes no specific factual allegations to show that Sheriff was subjectively aware of a substantial risk of serious harm to him and failed to protect him from

---

[5]To the extent that these allegations are intended to state a separate basis for individual liability against Sheriff, the Fifth Circuit has held that inmates do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. Oct. 24, 2007) (per curiam) (holding that plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

that harm. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). The "'failure to alleviate a significant risk that [the official] should have perceived, but did not,' is insufficient to show deliberate indifference." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *id.* at 838). Accordingly, Plaintiff fails to state a plausible claim against Sheriff in his individual capacity.

### 2. *Doctor and Nurse*

Plaintiff sues Doctor and Nurse for failing to provide proper medical treatment with respect to his back and shoulder injuries. (*See* doc. 7 at 5, 7, 9-11.)

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer*, 511 U.S. at 832. Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d

8

339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)); *see also Mace v. City of Palestine*, 333 F. 3d 621, 626 (5th Cir. 2003) (noting that defendant must have the subjective intent to cause harm). " 'Subjective recklessness,' as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Here, Plaintiff alleges that Doctor and Nurse denied him proper medical attention; although he notified Nurse of his injury the day it happened, he waited almost a week before his medical examination. (doc. 7 at 7.) He also claims that when Doctor examined him, he "just rubbed [his] back and told [him] nothing was wrong with [his] back and gave [him] 10 Tylenols for [his] pain." (*Id.* at 9.) He never received "back scans or continual x-rays," and he submitted at least 10 medical requests for his injuries that have been denied. (*Id.* at 11.)

Plaintiff complains about the type of medical treatment he received, as well as a delay in medical treatment. Mere disagreement with medical treatment is insufficient to state a claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A failure to provide additional treatment does not show deliberate indifference because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff's allegations do not rise to the level of deliberate indifference. He does not state a constitutional violation because he does not allege that Doctor and

9

Nurse refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly. *Johnson*, 759 F.2d at 1238.

Furthermore, a delay in medical care, such as a delay in scheduling a doctor visit, is a constitutional violation only if there has been deliberate indifference which results in substantial harm, which he has not alleged. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *see Lee v. Richland Par. Det. Ctr.*, 483 F. App'x 904, 905 (5th Cir. 2012) (holding that delays in administering medicine do not amount to a constitutional violation where there is no evidence that the defendants "delayed or refused medical treatment with subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn") (citation omitted). Plaintiff's allegations about the actions of these defendants are not sufficient to state a violation of his constitutional rights. *See Barrett v. Miss. Dep't of Corr.*, 427 F. App'x 349, 352 (5th Cir. June 3, 2011) (holding that plaintiff's complaint regarding a delayed hernia surgery, where prison medical staff made regular efforts to diagnose, treat, monitor, and control his injury, was a disagreement with the care he received that did not establish a claim of deliberate indifference); *see also Morrow v. Harris Cty. Jail*, 2006 WL 1295647, *2 (S.D. Tex. May 11, 2006) (holding that medical staff were not deliberately indifferent when, after the plaintiff fell at the jail, he was given Tylenol for pain, but never saw a doctor until he was transferred to prison a month later, where there was no evidence that the delay resulted in substantial harm). Plaintiff's claims against Doctor and Nurse should therefore be dismissed.

**C.  Negligence Claims**

Plaintiff sues Sheriff for negligence for not repairing the roof and for not posting caution signs. (*See* doc. 7 at 2, 8.) He also sues Doctor and Nurse, alleging they were negligent because

10

they were "unprofessional" and failed to comply with "medical regulations." (*Id.* at 5, 7.)

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent").

Here, Plaintiff has not alleged that the failure to repair the roof or his allegedly inadequate medical care were purposeful acts. Any alleged negligence, even if it caused an unintended injury, did not violate Plaintiff's constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a constitutional violation); *see also Quine v. Livingston*, 2006 WL 1662920, * 1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's allegations of negligence are insufficient to impose liability under § 1983. *See Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Because his claims of negligence are not actionable under § 1983, they should be dismissed for failure to state a claim.

**D.     Jail Regulation Claims**

Plaintiff argues that Defendants should be "held accountable for not following the safety regulations [found in Texas Jail Standards] within the jail facility." (*See* doc. 7 at 14.)

11

An alleged failure to follow prison rules and regulations does not give rise to a constitutional violation. *See Lewis v. Sec. of Pub. Safety & Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) (explaining that prison rules and regulations "do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right") (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).  Any § 1983 claims based on alleged violations of the Texas Jail Standards are therefore without merit and should also be dismissed.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim.  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[6]

**SO RECOMMENDED** on this 9th day of April, 2020.



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE